GUERRA, PLAINTIFF AND APPELLEE, *v.* IGLESIAS ET AL.,
DEFENDANTS (FERNÁNDEZ, APPELLANT).

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt.

No. 1720.—Decided May 7, 1918.

APPEAL—PARTIES—SURETY.—Judgment having been rendered against defendants Iglesias and Fernández, debtor and solidary surety respectively, for a certain sum of money, its affirmance or reversal would in no way change the situation of debtor Iglesias, for his liability is independent and always binding upon him whether in favor of the plaintiff or of defendant Fernández; therefore Iglesias cannot be considered as a party having a real interest in the appeal taken by surety Fernández for the purpose of dismissing the same on the ground that he failed to serve notice thereof on debtor Iglesias.

SURETY—EXTENSION OF TIME—CONSENT—EXTINGUISHMENT OF LIABILITY.—It is a well-settled general rule, applicable alike in cases of *simple* surety and *solidary* surety, that if the creditor, without the consent of the surety, allows the debtor an extension of time for the payment of the debt or fulfilment of the obligation, the liability of the surety is extinguished.

ID.—ESTOPPEL.—When after the maturity of the obligation the surety asks the creditor for time and refuses to take possession of a certain object of value which was the origin of the contract, stating that he preferred to pay the debt, he is estopped from invoking in his favor section 1752 of the Civil Code which adopts the said rule.

SUIT TO RECOVER—DELAY—EXTENSION OF TIME.—The mere fact that the creditor does not sue for the fulfilment of the obligation immediately upon its maturity and that the bringing of the action is more or less delayed does not indicate or reveal an intention to grant the debtor an extension of time.

The facts are stated in the opinion.

*Messrs. E. Benítez Castaño* and *M. Benítez Flores* for the appellant.

*Mr. Adrián Agosto* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Gabriel Guerra brought an action of debt against Pedro A. Iglesias and Clemente Fernández in the District Court of San Juan, Section 2. The origin of the debt was the purchase by Iglesias of an automobile from Guerra. Fernández guaranteed the payment of a part of the purchase price. Iglesias paid Guerra certain sums on account, but failed to pay the balance of $2,398 of which $1,300 was guaranteed by Fernández in a note reading as follows: "I owe and promise to pay to Gabriel Guerra, or to his order, the sum of $1,300, on April 30 of this year, with interest thereon at 9 per cent per annum payable upon the maturity of this obligation. I, Clemente Fernández, constitute myself solidary surety for the said amount, for the payment of which I bind my present and future property according to law. San Juan, P. R., January 15, 1913. Pedro A. Iglesias. Cl. Fernández." In his complaint Guerra also claimed interest on the sums due.

It does not appear from the transcript whether defendant Iglesias was summoned or filed any pleading in the suit. It is shown that Fernández, the other defendant, answered the complaint and that after trial the court rendered judgment to the effect that the defendants pay jointly to the plaintiff the sum of $1,300 as principal, $409.50 as interest to July 23, 1916, and interest thereon at 9 per cent per annum until paid in full. The judgment was also against defendant Iglesias for the other sum sued for with interest thereon. The costs were imposed "on the defendants."

Defendant Fernández appealed from the judgment to this court and served notice of the appeal on plaintiff Guerra, but not on defendant Iglesias. It does not appear that Iglesias appealed from the judgment.

On the same day on which the appeal was heard the appellee submitted a motion to the court for dismissal of the appeal.

We will first dispose of the appellee's motion. It is based on the ground that inasmuch as defendant Fernán-

dez did not serve notice of his appeal on his co-defendant Iglesias, the appeal should be dismissed. As we have seen, the part of the judgment from which Fernández appealed required Fernández and Iglesias to pay jointly a certain sum of money. If the judgment is affirmed the position of Iglesias is in no respect changed. If it is reversed as to Fernández by reason of the grounds alleged by him, which refer only to him and will be considered by us later, the position of Iglesias remains the same, inasmuch as his liability is independent and will always rest upon him, whether put in execution by Guerra or claimed by Fernández.

This being so, Iglesias should not be considered as a party really interested in the appeal and therefore the appeal should not be dismissed for failure to serve him with notice.

We will now proceed to consider and decide the questions involved in the appeal. The appellant contends that the trial court violated sections 1752 and 1753 of the Civil Code and that consequently its judgment should be reversed.

Section 1752 provides that an extension granted by the debtor to the creditor, without the consent of the surety, extinguishes the security.

Defendant Fernández alleged in his answer that the creditor, Guerra, granted the debtor, Iglesias, extensions of time for the payment of the debt without the consent of the surety. And at the trial the said defendant introduced in evidence a letter from Guerra to Iglesias as follows: "I am much astonished that you have not come to take up the promissory note which fell due on the first instant, notwithstanding the fact that I gave you an extension of time until the 16th. As I have important obligations to meet, if you do not come to my office within a reasonable time after the receipt of this letter to take up the said promissory note, I shall be obliged to write to the Dr. demanding payment of him as surety." The "Dr." referred to in the letter, which is dated May 21, 1913, is defendant Fernández.

The appellee first contends that section 1752 does not refer to the case of a solidary surety, but to that of a simple surety; however, he cites no jurisprudence in support of his contention. The legislators did not expressly establish that distinction. The commentaries which we have consulted do not even refer to it. See 12 Manresa, Spanish Civ. Code, 2d ed., p. 357; 4 Sánchez Román, Civ. Law, 2d ed., p. 926; 4 Falcón, Civ. Code, p. 403. And the Supreme Court of Spain, by its judgment of October 6, 1908, affirmed the judgment of the Territorial Court of Barcelona in the action brought by the Bank of Spain against Juan Moles, Fernando Puig and Arturo Gines, declaring that a certain solidary security which Puig and Gines had given to guarantee payment by Moles was extinguished because of an extension of time granted him by the bank without the consent of the sureties, the question being thus settled in a manner contrary to the plaintiff's contention.

We find in American jurisprudence that although in some cases it has been held that when the sureties are jointly bound with the principal they are not released from liability by an extension of time granted to the principal (see 32 Cyc. 194, note 94), the rule is well settled that if a creditor or obligee, by a valid and binding agreement, without the assent of a surety, gives further time for payment or performance to the principal debtor, the surety will be discharged. 32 Cyc. 191.

In case his contention should be overruled, as it is, the appellee alleges that as the evidence shows that the appellant had knowledge of all that took place, he himself having asked for an extension of the time for payment, which the appellee granted, he cannot invoke in his favor section 1752 of the Civil Code. In fact, while the evidence is silent as to whether or not appellant Fernández expressly consented to the extension of fifteen days which the appellee granted Iglesias, the principal debtor, referred to in the letter transcribed herein, nevertheless the evidence tends to show that

after the maturity of the obligation Fernández asked Guerra to give him time, and on a certain occasion, as we shall see later, when Guerra proposed that he take the automobile which was the origin of the contract, he refused, stating that he preferred to pay the debt.

This being the result of the evidence, we are of the opinion that the trial court was justified in refusing to apply section 1752 of the Civil Code in favor of appellant Fernández, since the surety showed plainly that he was willing to comply with the obligation, thereby giving the creditor reason to rely upon the course he was pursuing in not pushing the collection of the debt, and is therefore estopped from raising the question.

Let us now see whether the court committed the other error assigned by the appellant in his brief, namely, the violation of section 1753 of the Revised Civil Code, which is the same as article 1852 of the former code, reading as follows:

"The sureties, even when they are joint, shall be released from their obligation whenever by an act of the creditor they cannot be subrogated to the rights, mortgages, and privileges of the same."

The appellant contends that by allowing the time between April, 1913, and June, 1916, to elapse without notifying the surety of the non-performance of the obligation by his principal, the creditor permitted the debtor to become insolvent. In the first place, there is no clear proof that Iglesias is absolutely insolvent, and, in the second place, if Iglesias finally sold the automobile it is certain that Guerra gave Fernández an opportunity to take possession of it and in that way he could have reimbursed himself fully of the amount whose payment he had guaranteed, for the automobile was worth more than $3,000 at that time. Moreover, it does not appear from the evidence that Guerra allowed the long period of time mentioned by the appellant to pass without attempting to collect from the surety; but even if he

did, according to jurisprudence, the mere fact that the creditor does not sue for the performance of the obligation immediately after it matures and more or less delays his action to recover, does not signify or disclose an intention on his part to grant the debtor further time. See the judgment of the Supreme Court of Spain of March 12, 1901, 91 *J. C.* 395, and 13 Manresa, Spanish Civ. Code, 2d ed., 359.

For the foregoing reasons the judgment as to the part appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.